UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLMBIA

UNITED STATES OF AMERICA         : Criminal No. 16 cr 0055 RBW

v.                               :

ROBERT KELSEY                    : Sentencing:  December 19, 2016

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Robert Kelsey, by and through his undersigned counsel, Christopher M. Davis, respectfully submits that a sentence to the statutory mandatory minimum of 360 months is "sufficient, but not greater than necessary," to achieve dictates of 18 U.S.C. § 3553 (a).

Objections to Presentence Report

1.  The defendant has no objection to the Presentence Report (hereinafter PSR).

Offense Penalties

2.  Robert Kelsey has been convicted for violating 18 U.S.C. § 2423(a) (Transportation of a Minor with Intent to Engage in Criminal Sexual Activity), 18 U.S.C. § 2241(c) (Aggravated Sexual Abuse of a Child), and a violation of 22 D.C. Code §§ 3008 and 3020(a) (1) (First Degree Child Sexual Abuse with Aggravating Circumstances).

3.  For the federal counts, Mr. Kelsey is subject to a statutory mandatory minimum of 360 months, with a United States Sentencing Guideline range of 360 to life.  See, PSR at ¶¶ 91 & 92. For the Superior Court count, the defendant is subject to a maximum sentence of life (30 years) and a guideline range of 126 (10.5 yrs) to 216 (18 years) months.   See, PSR at ¶¶ 93 & 94.

Facts

4. The facts in this case are more than troubling. Much of what was recited in the government's memorandum (Doc 41) is accurate. However, the defense does respectfully dispute several key facts.

> a. The defendant was not in contact with the victim for any extended period of time.
>
> b. The defendant was never told the victim was 11 years old.
>
> c. The defendant is not a child predator. He has no history of behavior of this nature.
>
> d. The testimony at trial from the nurse that performed the rape examination was that the victim was sexually active prior to this incident.

Argument

4. In *U.S. v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the sentencing guidelines are only advisory, not mandatory. The guidelines are no longer binding law but, rather, are one of the factors that a district court can consider when imposing a sentence. This Court can now impose a sentence below the advisory guideline range without a government motion for downward departure as long as the resulting sentence is reasonable. *U.S. v. Williams*, 435 F.3d 1350 (11th Cir. 2006).

5. The Court can no longer presume that a guideline sentence is the correct sentence. To do so would be taking a large step towards returning to the pre-Booker regime. U.S. v. Pickett, 475 F.3d 1347 (D.C. Cir. 2007). Under the new advisory guideline scheme, "district courts have a freer hand in determining sentences." *U.S. v. Trujillo-Terrazas,* 405 F.3d 814, 819 (10th Cir. 2005). A Judge may sentence in or out of the applicable guideline range. District judges now have more substantive discretion in sentencing, and retain the power to re-balance the individual sentencing against the goals of sentencing uniformity and predictability.

6. However, the 30 year statutory mandatory minimum is the low end of Robert Kelsey's federal guideline range. Therefore, 30 years is the lowest possible sentence Kelsey can receive.

7. 18 U.S.C. § 3553(a) outlines sentencing factors to be considered when a sentence is imposed in a federal court. The history and characteristics of the defendant, the nature and circumstances of the offense, the kinds of sentences available, the need to avoid unwarranted sentencing disparities, and to protect the public and afford adequate deterrence are important factors to take into consideration. The only restriction § 3553(a) places on the sentencing court is the "parsimony" provision, which requires the court to "impose a sentence sufficient, but not greater than necessary," to achieve a specific set of sentencing purposes.

DC versus Federal Prosecution

8. Federal count 2 has a mandatory minimum of 30 years. DC count 3 punishes essentially the same conduct, but for elimination of the need for interstate travel. DC count 3 has a maximum penalty of life, which under DC law is 30 years. Federal guidelines are 30 to life. DC guidelines are 10.5 years to 18 years. The United States is seeking imposition of a 50 year sentence.

9. The distance travelled in this case is 11 miles. There does not seem to be an explanation for why one gets exposed to sentences that differ so greatly, for essentially intending and engaging in the same conduct. Furthermore, there does not appear to be any objective criteria governing how a decision with such tremendous consequences is made by the prosecuting authorities. The end result in Mr. Kelsey's case is a decision that has all of the earmarks of an arbitrary selection process. Mr. Kelsey believes that this alone warrants a sentence to the mandatory minimum of 30 years and nothing more.

Unsupported Fact Allegations

10. But for the victim's testimony, which was ambivalent at best, there is no evidence of extended contact between the victim and the defendant prior to the incident. No phone records, no text messages, no social media records were introduced into evidence, either at trial or for purposes of sentencing.[1] Nor is there any credible evidence that the defendant "trolled the internet" to locate an unsuspecting victim.

11. The victim did testify that she told the defendant that she was 11 years old, but she had reasons to testify in this fashion. This was undoubtedly the first question asked of her by adults looking into what happened. Not to overlook how it defies common sense that a preteen, talking to a perceived older teenage boy, would not exaggerate her age to impress the older boy.

12. The victim in this case was and is still a child. However, according to her statement given to law enforcement back when this incident occurred, she was sexually active and not a virgin prior to this incident. And the evidence from the nurse who performed the rape examination noted that there was no physical trauma to the victim, nor was there evidence of ejaculation by her partner.

13. None of this justifies the conduct for which the defendant stands convicted. However, it should have impact on the sentence handed down, given the greater penalties under consideration due to the actual age of the victim.

Defendant's Background

14. The defendant has no history of behavior like this. He has two prior convictions. His first conviction is for accessory after the fact; for driving someone to the scene of a murder

---

[1] The victim's statement and trial testimony establish that she was in touch with a friend from camp and had been alerted to the fact her agitated father was at the school looking for her. She in turn deleted all social media applications, text messages and history from her phone.

that he did not perpetrate.   He was 18 years old at the time.  His second conviction is for car theft and for fleeing and alluding.   He was 23 years old at the time.  He has no arrests, much less convictions, for sexually deviant behavior.

15. A predator is defined by the Oxford Dictionary as "an animal that naturally preys on others" or "a person that ruthlessly exploits others." This definition does not apply to a defendant who has no history of behavior of this nature.  Nothing justifies the conduct, but it is clearly an aberration that does not call for a sentence in excess of 30 years without parole.

16. The defendant needs mental health treatment.  He has carried a diagnosis of depression, with occasional auditory hallucinations for the past 10 years.  See, PSR at ¶¶ 64-67. Undoubtedly, his depression and low self esteem contributed to the actions for which he now stands convicted.

17. The defendant is 29 years old. The defendant has a detainer lodged against him which will result in additional incarceration.  See, PSR at ¶ 42.  A 30 year sentence will result in release when the defendant is in his mid 50's and then he will face supervision for life.

Age Out Factor

18. Mr. Kelsy is 29 years old.  This conduct occurred when he was 26 years old.  It is indisputable that as a person ages, the risk of recidivism declines.  Gary Sweeten et al., *Age and the Explanation of Crime Revisited*, 42 J. Youth & Adolescence 921 (2013).  When graphed, it becomes readily apparent that offenders begin a very steady decline of recidivism once they enter their late 20's. *See* Melissa Kearney et al., The Hamilton Project, *Ten Economic Facts about Crime and Incarceration in the United States* 6 (2014) at page 6, figure 3.  See, Exhibit 1.

http://www.brookings.edu/~/media/research/files/papers/2014/05/01%20crime%20facts/v8_thp_10crimefacts.pdf

19.  Recidivism rates decline dramatically with age. *See* USSC, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, Ex. 9 (2004).

http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf

## Conclusion

Wherefore, for the foregoing reasons, the defendant requests that this Honorable Court sentence him to the statutory mandatory minimum of 360 months without parole and place him on supervised release for the duration of his natural life.

Respectfully submitted,

*Christopher M. Davis*

Christopher M. Davis #385582

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202-234-7300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Motion was served upon all counsel of record via the Court's CM/ECF Service on this 15th day of December, 2016.

*Christopher M. Davis*