## Facts

4. The facts in this case are more than troubling. Much of what was recited in the government's memorandum (Doc 41) is accurate. However, the defense does respectfully dispute several key facts.

    a. The defendant was not in contact with the victim for any extended period of time.

    b. The defendant was never told the victim was 11 years old.

    c. The defendant is not a child predator. He has no history of behavior of this nature.

    d. The testimony at trial from the nurse that performed the rape examination was that *there was no evidence of physical trauma.*

## Argument

4. In *U.S. v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the sentencing guidelines are <u>only</u> advisory, not mandatory. The guidelines are no longer binding law but, rather, are one of the factors that a district court can consider when imposing a sentence. This Court can now impose a sentence below the advisory guideline range without a government motion for downward departure as long as the resulting sentence is reasonable. *U.S. v. Williams*, 435 F.3d 1350 (11th Cir. 2006).

5. The Court can no longer presume that a guideline sentence is the correct sentence. To do so would be taking a large step towards returning to the pre-<u>Booker</u> regime. <u>U.S. v. Pickett</u>, 475 F.3d 1347 (D.C. Cir. 2007). Under the new advisory guideline scheme, "district courts have a freer hand in determining sentences." *U.S. v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005). A Judge may sentence in or out of the applicable guideline range. District judges now have more substantive discretion in sentencing, and retain the power to re-balance the individual sentencing against the goals of sentencing uniformity and predictability.