**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:16-CR-00055-RBW |
| | ) | |
| ROBERT KELSEY | ) | |

<u>**GOVERNMENT'S RESPONSE TO THE COURT'S ORDER**</u>

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby files this Response to the Court's February 12, 2021 Order, asking the government to address whether equitable tolling of the statute of limitations under 28 U.S.C. 2255(f) is warranted because the defendant "was never informed nor made aware of [the] deadline to file for relief by neither former counsel."  As explained in more detail below, the government submits that the defendant has not presented facts sufficient to establish that the doctrine of equitable tolling applies to excuse the late-filing of his § 2255 motion.

<u>**BACKGROUND**</u>

The defendant was arrested on May 4, 2015, in the District of Columbia. A Grand Jury returned an indictment on March 31, 2016, charging the defendant with one count of Transportation of Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a); one count of Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. § 2241(c); and two counts of First Degree Sexual Abuse of a Child with Aggravating Circumstances, in violation of 22 D.C. Code §§ 3008, 3020(a)(1).  The charges arose out of a series of incidents where the defendant met an 11-year old girl on the social media site, Instagram, communicated with her through Instagram and other electronic means, convinced her that he was 19 years old (he was then 27), lured her to meet him (he picked her up at her summer camp), and engaged in sexual

1

intercourse with her at his home.  A jury trial took place in August 2016 before this Court. The defendant was represented at trial by Christopher Davis, Esquire.  The jury returned a verdict on August 29, 2016, finding the defendant guilty of three counts.

On December 19, 2016, the Court sentenced the defendant to an aggregate sentence of 600 months of incarceration, to be followed by lifetime supervised release.  The defendant, through trial counsel, Christopher Davis, noted a timely appeal [Dkt. 49].

On March 8, 2019, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") affirmed.  *United States v. Kelsey*, 917 F.3d 740 (D.C. Cir. 2019).  The defendant was represented by Christopher Davis and Mary Davis, Esquire, on appeal.  *See* Docket, Appeal No. 16-3125 (Notice of Appearance filed on January 3, 2017).  On April 8, 2019, the defendant, through counsel, filed a petition for rehearing and a petition for rehearing *en banc*.  On May 14, 2019, the D.C. Circuit denied the defendant's petitions.  The defendant did not file a petition for writ of certiorari in the United States Supreme Court.

On or about July 12, 2020, defendant filed his *pro se* Motion for Extension of Deadline to file for Habeas Corpus Relief; it was docketed for filing on August 25, 2020 [Dkt. 94].[1]  In his motion, the defendant states that his former counsel failed to advise him of the time for filing a § 2255 motion and that he "asked both former counsel on numerous occasions for a  deadline date to no avail" [Dkt. 94].  The defendant also claims that it took him over two years to get access to his trial file from counsel.[2]  Lastly, he asserts that the federal institution where he is incarcerated

---

[1]   We will use the date on defendant's pleading as the filing date. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (articulating "prisoner mailbox rule" that provides that provides that the operative date of filing is the date the prisoner placed his or her filing in the prison mail system.

[2]   On June 18, 2019, the defendant filed a *pro se* Motion to Compel Former Counsel to Surrender Petitioner's Case File [Dkt. 75], asking the Court to order his prior counsel to send him his case file.  In that motion, the defendant stated that Christopher Davis' representation terminated on December 19, 2016, and Mary Davis' representation terminated on May 15, 2019.  In her Response, filed on April 21, 2020, Mary Davis informed the Court that she provided the defendant with a copy of his case file and transcripts

had been on modified lockdown since March 31, 2020, and he had not been able to access the law library.[3]   At a hearing conducted on July 26, 2021, the defendant withdrew his last two assertions.

On February 12, 2021, the Court ordered the government to address whether equitable tolling of the statute of limitations under 28 U.S.C. 2255(f) was warranted because the defendant "was never informed nor made aware of [the] deadline to file for relief by neither former counsel." On February 19, 2021, the government filed a motion to confirm waiver of attorney-client privilege requesting authorization to discuss the defendant's claim with defendant's trial and appellate counsel [Dkt. 96].   On July 27, 2021, the Court granted the government's motion, after the defendant agreed to entry of the Order at a hearing conducted on July 26, 2021 [Dkt. 101].   At that same hearing, the defendant indicated that his § 2255 motion will contain claims of ineffective assistance of trial counsel.    Shortly thereafter, government counsel communicated with Christopher Davis and Mary Davis.   Christopher Davis stated that he did not discuss the § 2255 filing deadline with the defendant during his representation.   Mary Davis stated that she did not recall whether she discussed the § 2255 filing deadline with the defendant during her representation, but believes that she likely did not.   The Court has not appointed Christopher Davis or Mary Davis, nor any counsel, to represent the defendant in a § 2255 proceeding, nor does it appear that the defendant has retained counsel to assist him.

---

on or about November 8, 2019, and that materials that could not be mailed to the defendant at the Bureau of Prisons were provided to the defendant's father on or about the same date [Dkt. 88].   The delay in providing the defendant his trial file was due, in part, to the need for portions of the file to be subject to a protective order [Dkt. 85].

3    Prior to the defendant abandoning these claims, the government obtained 64 pages of records from USP Tucson that show that the defendant had access to a prison computer, despite the COVID-19 pandemic. For example, these records show that the defendant logged into a portal on approximately 175 different days, and often multiple times in one day, between March 1, 2020, and February 17, 2021.   On seven days, he logged into the Law Library -- 3/5/20, 3/6/20, 3/16/20, 3/28/20, 3/29/20, 9/20/20 and 1/31/21.

## ARGUMENT

The Court has not yet ruled on the defendant's *pro se* motion to extend the time in which to file his § 2255, instead asking the government to address is whether his former counsel's failure to advise the defendant of the time period for filing a § 2255 motion equitably tolls the limitation period, where the defendant has not yet filed his § 2255 motion.  The government submits that the doctrine of equitable tolling does not apply because the defendant has failed to proffer facts sufficient to show that the doctrine is warranted.

### A.    Legal Principles For § 2255 Proceedings

Under 28 U.S.C. § 2255, a defendant may move the sentencing court to vacate, set aside, or correct its sentence if the defendant believes that his sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "The circumstances under which such a motion will be granted are limited due to the premium placed on the finality of judgments and the opportunities that defendants have to raise most of their objections during trial or on direct appeal. 'To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'"  *United States v. Burwell*, 160 F. Supp.3d 301, 303 (D.D.C. 2016) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)); *see also United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992).  It is the defendant's burden to show that he is entitled to relief under § 2255. *See, e.g., United States v. Bell*, 65 F. Supp.3d 229, 231 (D.D.C. 2014).

### B.    Section 2255 Generally Has a One-Year Period of Limitations.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress enacted a one-year period of limitations on the filing of § 2255 motions.  *See Mayle v.*

*Felix*, 545 U.S. 644, 654 (2005) ("In enacting the AEDPA in 1996, Congress imposed for the first time a fixed [one year] time limit for collateral attacks in federal courts on a judgment of conviction.").  Under § 2255(f), a defendant generally must file a § 2255 motion within one year of the date on which his conviction becomes final.  *See Dodd v. United States*, 454 U.S. 353, 357 (2005) (recognizing that "[i]In most cases, the operative date from which the limitation period is measured will be. . . the date on which the judgment of conviction becomes final").  "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States,* 537 U.S. 522, 527 (2003).

The defendant has not yet filed his § 2255 motion.  When he does, it will be filed beyond the one-year limitation period of 28 U.S.C. § 2255(f). As noted above, defendant's petition for rehearing was denied on May 21, 2019. Defendant had 90 days from that date, or until on or about August 21, 2019, to file his certiorari petition.  *See* S. Ct. Rule 13.3  Accordingly, the defendant should have filed his § 2255 motion by on or about August 21, 2020.  He did not.  Instead, on or about July 12, 2020, defendant filed his *pro se* Motion for Extension of Deadline to file for Habeas Corpus Relief. In that motion, defendant seeks more time to file his § 2255 motion; he does not state any claims in the motion.  The Court has not yet ruled on the defendant's motion to extend the period in which to file his § 2255 motion.

### C.    The Defendant Has Not Met His Burden of Showing that the Doctrine of Equitable Tolling Applies.

The one-year statute of limitations for filing  § 2255 motion collaterally attacking a prisoner's conviction or sentence may be equitably tolled if a prisoner demonstrates that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent timely filing.  *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling applies to

5

the limitations period for state habeas relief pursuant to 28 U.S.C. § 2254); *United States v. McDade*, 699 F.3d 499, 504 (D.C. Cir. 2012) (holding that "in view of *Holland*," equitable tolling apples to § 2255 motion). The prisoner "bears the burden to establish" his diligence and the extraordinary circumstances upon which he relies. *Holland*, 560 U.S. at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quitable tolling is appropriate only if a petitioner shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Head v. Wilson*, 792 F.3d 102, 106 (D.C. Cir. 2015) (quoting *United States v. Baxter*, 761 F.3d 17, 30-31 (D.C. Cir. 2014)). The Supreme Court has further stated "that courts typically extend[ ] equitable relief only sparingly," and cautioned "that it has generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *McDade*, 699 F.3d at 505 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) and *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Bush v. Ebbert*, 19 CV 1870 (KBJ), slip op. at 7 (D.D.C. Aug. 6, 2021) ("[t]he bar for equitable tolling is high").

The Supreme Court's decision in *Holland* best illustrates the factors that courts consider when determining whether a defendant has established equitable tolling. In *Holland,* the prisoner sought to have the one-year statute of limitations for filing his initial § 2254 motion equitably tolled by five weeks. 560 U.S. at 636. The prisoner demonstrated that before the one-year statute of limitations expired, he wrote "numerous letters" to his appointed attorney, in which he sought "crucial information and provid[ed] direction." *Id.*, at 653. The prisoner also "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [the attorney] — the central impediment to the pursuit of his legal remedy — removed from his case." *Id.* "And, the very day that [the prisoner] discovered that his AEDPA clock had expired

due to [the attorney's] failings, [the prisoner] prepared his own habeas petition pro se and promptly filed it with the District Court." *Id.* (emphasis in original).

In *McDade*, the D.C. Circuit found that 30 days of equitable tolling of the one-year statute of limitations for filing a § 2255 motion was warranted. McDade displayed "an unusual level of diligence" in pursuing his claim and "the extraordinary nature of the situation [was] documented in letters before the court that [McDade] wrote to postconviction counsel well before the § 2255 one-year deadline." *McDade,* 699 F.3d at 505. Moreover, McDade "researched his claim and timely advised post-conviction counsel by letters of his wish to raise" an ineffective assistance claim in a § 2255 claim. *Id.* McDade "also gathered evidence in support of his claim, obtaining separate affidavits from three potential impeachment witnesses regarding what they would have testified at his trial had they been called by his defense and forwarding them to counsel." *Id.* "In one of his letters, [McDade] alerted counsel that the one-year limitations period would expire on March 8, 2005. Additionally, he requested that counsel forward him a draft of his § 2255 motion, which McDade claims counsel never did." *Id.*[4]

---

[4]   Two cases from other jurisdictions further demonstrate the difficult standard that the defendant bears here in establishing that he is entitled to equitable tolling. For example, in *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003), a state prisoner's mother hired counsel nearly a year before the habeas filing deadline. After months of inactivity, Spitsyn and his mother wrote to counsel, but received no response. As the filing deadline approached, Spitsyn and his mother contacted the state bar association seeking assistance. Spitsyn also sent counsel another letter asking for his file. Counsel did not respond to any of these letters before the filing deadline passed. Finally, after the deadline, counsel sent a letter "expressing regret for not following through with the case and returning the Spitsyn's payment." Months later, counsel returned Spitsyn's file. Spitsyn then filed a *pro se* habeas petition. *Spitsyn*, 345 F.3d at 801.

In *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003), a federal prisoner sought § 2255 relief, and his wife specifically asked her husband's counsel to file a "2255." Thereafter, counsel engaged in repeated misconduct. First, he told Baldayaque's wife that it was too late to file a § 2255 motion, when in truth there was over a year remaining on his statute of limitations. Then, when pressed by Baldayaque's wife about the status of his case, counsel "assured her that he was 'just waiting for a court date,'" although he had apparently not filed anything at that time. Later, counsel filed a motion to modify Baldayaque's sentence, but it was denied. Baldayaque was not notified about the motion or its denial; instead, counsel

In contrast to the specific showings that the defendants in *Holland* and *McDade* were able to make, here, the defendant's reason for his anticipated delay in filing his § 2255 motion – that his former counsel failed to advise him of the time for filing a § 2255 motion and that he "asked both former counsel on numerous occasions for a deadline date to no avail" – is insufficient. First, neither Christopher Davis nor Mary Davis were appointed by the Court to represent the defendant in filing a § 2255 motion. Since his appeal was decided and their representation ended, it appears that he has been pursuing his § 2255 motion, *pro se*.[5] Neither his own ignorance of the filing deadline or his lack of representation is grounds for tolling. *See, e.g., United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) ("The prisoner's ignorance of the law or unfamiliarity with the legal process will not excuse his untimely filing, nor will a lack of representation during the applicable filing period."); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling in the [§ 2255] context); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (same); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (same). Second, the defendant has not proffered any facts or details that explain how and when he did learn of the one-year period for filing a § 2255 motion.

---

informed his wife that there was nothing more they could do. Baldayaque later filed his own § 2255 motion. *Baldayaque*, 338 F.3d at 152–53.

5    It is well-settled that a criminal defendant is not entitled to the assistance of counsel in connection with a § 2255 motion. *United States v. Pollard*, 290 F. Supp.2d 153, 162–63 (D.D.C. 2003). The Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . ." *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *see also Coleman v. Thompson,* 501 U.S. 722, 752 (1991) (a petitioner cannot claim constitutionally ineffective assistance of counsel in a state post-conviction proceeding, as there is no constitutional right to an attorney in such proceeding); *United States v. MacDonald,* 966 F.2d 854, 859, 859 n.9 (4th Cir. 1992) (citing *Finley,* 481 U.S. at 555) ("Negligence or error in failing to raise a claim are not sufficient to show cause.... [W]here no Sixth Amendment right to counsel attaches to the proceeding, an ineffective assistance claim cannot be sustained. Prisoners have no right to counsel in a collateral proceeding.").

As noted, *supra* note 2, the defendant has had access to a computer and the prison's law library. As set forth above, the defendant should have filed his § 2255 motion by on or about August 21, 2020. Instead, he filed a motion to extend that time on July 12, 2020. As noted above, defendant did not articulate any claim in that motion. Third, while the defendant proffers that he asked "former counsel" on "numerous occasions" about the filing deadline, he has not provided any documentation to substantiate that claim, such as the dates he asked them and how he asked them (*e.g.*, via letter, email, phone call). Fourth, former counsel provided defendant and his father with defendant's trial file in November 2019. Despite the passage of almost two years, defendant has yet to file his § 2255 motion. Thus, on this record, the defendant has not met his exacting burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent timely filing. It is not incumbent on either the Court or the government to fill in the gaps. *See, e.g., United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (court is "not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments"). Accordingly, this Court should decline to equitably toll the one-year statute of limitations in advance of the defendant filing his § 2255 motion and the government respectfully reserves its right to challenge his § 2255 motion – when and if he does file it -- on timeliness grounds.

**WHEREFORE**, the government respectfully submits this Response to the Court's Order.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415-793

MARGARET J. CHRISS
Chief, Special Proceedings Division
D.C. Bar Number 452-403

_____/s/_____
PAMELA S. SATTERFIELD
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W.
Washington, D.C. 20530
D.C. Bar Number 421-247
Pamela.satterfield@usdoj.gov
202-252-7578

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, this 24th day of September, 2021, I caused a copy of the foregoing Response to Court Order to be served via U.S. Mail on the defendant, Robert Kelsey, Fed. Reg. No. 40374-007, USP Tucson, P.O. Box 24550, Tucson, AZ  85734.

____/s/_____
Pamela S. Satterfield
Assistant United States Attorney